IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

|  |  |
|---|---|
| ROBIN GLESSNER, as Surviving Spouse of TODD GLESSNER, and as Administrator of the Estate of TODD GLESSNER, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN D. SMITH, STEVE C. DAVIS, INC., FEDEX GROUND PACKAGE SYSTEM, INC., and PROTECTIVE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 5:22-CV-00251-TES |

## CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER

The parties, by their respective counsel, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, have agreed to the following provisions:

### I.    DEFINITIONS

A.    "Confidential Information" is defined herein as a trade secret or other confidential research, evaluation, development or commercial information or material, or material that solely involves other parties, the disclosure of which is likely to prejudice the right of one or more parties or non-parties hereto, including information concerning proprietary research and development; business and marketing strategy; regulatory compliance and communication; financial results and projections; employee records; company policies and procedures; and similar documentation which is designated as "Confidential" by the Producing Party (or, in the case of medical records by the party securing the records), whether it be a Document, information contained in a

Page 1 of 10

Document, information revealed during a deposition, information revealed in an interrogatory answer, etc. In construing the scope of what constitutes "Confidential Information" as defined herein, reference is to be made to applicable case law regarding confidential or protected material.

B.    "Stamped Confidential Document" means any Document which bears the mark "CONFIDENTIAL"– or which shall otherwise have had the mark recorded on it in a way that brings its attention to a reasonable examiner – to signify that it contains Confidential Information subject to protection under any this Order.

C.    "Document" means all written, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Information may be accorded status as a Stamped Confidential Document, but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection.

D.    "Producing Party" means the party that produced the Document(s) and designated such Documents as "CONFIDENTIAL."

E.    "Competitor" means any company engaging in parcel delivery for businesses and consumers and any interstate or intrastate motor carrier, intermodal, logistics, or other company providing commercial transportation services for the delivery of such parcels, including but not limited to, United Parcel Service, Deutsche Post/DHL, Amazon.com, the United States Postal Service, or Purolator or any of their principal affiliates or any entity succeeding to their business by reason of a change in identity, merger or consolidation.

## II. NON-DISCLOSURE OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

A.      Except with the prior written consent of the Producing Party, or as provided in this Order, Confidential Information and Stamped Confidential Documents may not be disclosed to any person.

B.      Producing Party may, in its discretion, disclose its Confidential Information and/or designated Stamped Confidential Documents to any person.

C.      Confidential Information and Stamped Confidential Documents may be disclosed to:

(1) The parties, including all employees, agents, third party administrators, insurers and investigators, as well as counsel of record for the parties in this action, including the partners, associates, "contract attorneys," secretaries, paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation.

(2) Judges, court reporters, court personnel, or videographers present at trial, hearings, arguments, or depositions held in this matter.

(3) Other persons who may be designated by written consent of the Producing Party or pursuant to a court order.

D.      Subject to sub-paragraph E, Confidential Information and Stamped Confidential Documents may also be disclosed to:

(1) Persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such persons to testify;

(2) Consultants or experts retained for the purpose of assisting counsel of record in this action; and

Page 3 of 10

(3) Third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Documents.

E.      Before disclosing Confidential Information or Stamped Confidential Documents to any person pursuant to paragraph D, the party proposing such disclosure shall show a copy of this Order to such person, and he/she shall sign the Undertaking attached as Exhibit 1.

F.      Before disclosing Confidential Information or Stamped Confidential Documents pursuant to paragraph D to any person who is a Competitor (or an employee of a competitor) of the Producing Party, the party proposing to make such disclosure shall give at least twenty-one (21) days advance notice in writing, which shall identify the person(s) to whom the disclosure will be made to counsel for the Producing Party. If, within fourteen (14) days, after receiving advanced notice, the Producing Party objects in writing to the proposed disclosure, disclosure shall not be made until the parties have resolved the matter or the court has ruled on it.

G.      A recipient of Confidential Information and/or Stamped Confidential Documents shall exercise due care to restrict access to those persons described in II(C)(1). Any summary, copy of, or excerpt from a Stamped Confidential Document shall be subject to this Order to the same extent as the Stamped Confidential Document itself, and must be labeled as Confidential. A recipient shall not duplicate any Stamped Confidential Document or excerpt therefrom except for use as working copies and for filing in court.

III.    DECLASSIFICATION OF STAMPED CONFIDENTIAL DOCUMENT

A.      If a party believes that material designated by another party as Confidential should not be designated as such, that party (defined as the "Challenging Party" for purposes of this section) shall provide to the Producing Party written notice of its request to reclassify the material,

sent via electronic mail. The Producing Party has seven (7) business days from the date that the Challenging Party sends its notice in which to respond, via electronic mail, to the Challenging Party's request. If no response is made by the Producing Party within seven (7) business days, the material will be reclassified as requested by the Challenging Party.

B.    If the parties cannot resolve their dispute informally, the Challenging Party may request appropriate relief from the Court. The Producing Party bears the burden to establish that the contested material should be protected as Stamped Confidential Document or Confidential Information under this confidentiality agreement. The material involved shall be treated according to its original designation during the pendency of the challenge.

## IV.    CONFIDENTIAL INFORMATION IN DEPOSITIONS

A.    Unless otherwise ordered by the Court, a deponent, other than a current employee of the Producing Party, shall be shown a copy of this Order and shall be asked to sign the undertaking attached as Exhibit 1 before being shown or examined about Confidential Information and/or Stamped Confidential Documents, except that any deponent may be shown and examined about Stamped Confidential Documents or other Documents without being shown this Order and being asked to sign the undertaking if the Document reflects that the deponent was the author or recipient or if the deponent is a representative or current employee of the Producing Party. Regardless of whether a deponent signs the undertaking, this Order shall apply to any deponent who is shown or examined about Confidential Information and/or Stamped Confidential Documents.

B.    Parties and deponents, may, within 45 days after receiving the deposition transcript from the court reporter, designate pages of the transcript (and exhibits thereto) as confidential by underlining or otherwise designating the portions of the pages that are confidential.  The parties

and the court reporter shall thereafter mark such pages in all copies of the transcript with the following legend, "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER." If no challenges have been noticed pursuant to Section III, the entire deposition will be treated as subject to this Order. If the deposition transcript is filed and a timely designation made, the confidential portions and exhibits shall be filed under seal.

## V.    SUBPOENA FOR STAMPED CONFIDENTIAL DOCUMENTS

If Stamped Confidential Documents or other Documents containing Confidential Information are subpoenaed by any person, court, administrative or legislative body, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such Documents or information until twenty-one (21) days after giving counsel for the Producing Party notice in writing of the subpoena, accompanied by a copy of the subpoena. If the Producing Party objects to the subpoena, the party to whom the subpoena is directed agrees not to produce Documents in response to it until the resolution of the objection by the appropriate court.

## VI.    FILING AND USE OF STAMPED CONFIDENTIAL DOCUMENTS FOR PRETRIAL PURPOSES

A.    Stamped Confidential Documents shall be filed under seal and shall remain sealed in the Clerk's office for ten (10) days. Within those ten (10) days, the Producing Party must move to seal the Stamped Confidential Document(s). It is the burden of the Producing Party to show "good cause" as to why such Document(s) should remain under seal. If the Producing Party does not file a motion to seal within ten (10) days, the Clerk shall make the Document(s) publicly available on the docket, as with any other public document unless otherwise instructed by the Court. If the Court denies the Producing Party's motion to seal, the Clerk shall make the

Document(s) publicly available on the docket, as with any other public document unless otherwise instructed by the Court.

      B.      To the extent that any party wishes to use Stamped Confidential Documents during a hearing in this action, the parties agree they will first notify the Court that the document is "Confidential" and subject to this Order, and the document will be deemed "provisionally sealed" to allow the Producing Party an opportunity to file a motion to seal within fourteen (14) days after the hearing, during which time the document will not be made publicly available. If the Producing Party's motion to seal is denied by the Court, or if the Producing Party fails to make a motion to seal, the Clerk shall make the Document(s) publicly available as any other public document unless otherwise instructed by the Court.

## VII.    USE OF CONFIDENTIAL INFORMATION AT TRIAL

Use of Confidential Information and/or Stamped Confidential Documents at trial shall be determined by subsequent agreement of the parties or an order of court.

## VIII.    PROPER USE OF CONFIDENTIAL INFORMATION

As used in this paragraph, "This Litigation" refers to the instant lawsuit filed by Robin Glessner, as surviving spouse of Todd Glessner, and as administrator of the Estate of Todd Glessner against Jonathan D. Smith, Steve C. Davis, Inc., FedEx Ground Package System, Inc., and Protective Insurance Company, which lawsuit is pending in the Middle District of Georgia, Case No. 5:22-CV-00251-TES. Persons obtaining access to Confidential Information and/or Stamped Confidential Documents pursuant to this Order shall use the information for preparation and trial of This Litigation only – including appeals and retrials – and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings (including any other lawsuit). Should any Person wish to attach a Stamped Confidential Document to a Pleading or any like document to be filed of record

or served in this case, it must first be brought to the attention of the court that the documents must be filed under seal.

## IX.    NON-TERMINATION

The provisions of this Order shall not terminate at the conclusion of this action.  Within 120 days after final conclusion of all aspects of this litigation, an attorney for the Producing Party will notify the recipient of the Confidential Information and/or Stamped Confidential Documents that all such Documents (other than exhibits of record), shall be returned to the party or person which produced such documents or, at the option of the Producing Party, destroyed.  Within 30 days of receipt of the notice to return or destroy the documents, counsel for the recipient shall certify in writing that all documents have been returned or destroyed as provided in the notice.

## X.    MODIFICATION PERMITTED

Nothing in this Order shall prevent any party or other person from objecting to discovery that it believes to be otherwise improper or from seeking modification of this Order, including further provisions for categories of Documents requiring heightened protection.

## XI.    INADVERTENT DISCLOSURE

Any inadvertent disclosure of confidential, proprietary, or privileged material will not be construed as a waiver, in whole or in part, of (1) the Producing Party's claims of confidentiality or privilege either as to the specific information inadvertently or unintentionally disclosed or more generally as to the subject matter of the information disclosed, or (2) the party's right to designate the material as confidential pursuant to this Order.  A written representation by counsel for the Producing Party that the disclosure was inadvertent shall be deemed prima facie evidence of that fact.

The Producing Party shall promptly notify the other party of an inadvertent disclosure following discovery of the inadvertent production, and that other party (i) shall in the case of a

privileged Document, return the inadvertently disclosed Document forthwith, as well as any and all copies; or (ii) in the case of a confidential, proprietary Document, shall mark it and all copies, "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER." In the event that the other party cannot comply with these requirements – because, for example, the inadvertently produced Document has been given to a third party – the other party shall provide the Producing Party with the name, address, and telephone number of such person(s) as well as the date of and reason for the transmission of the Document.

Notice of inadvertent disclosure shall apply to all copies of the Document inadvertently disclosed in this action (such that inadvertent disclosure of a confidential or privileged Document in another jurisdiction shall not constitute a waiver of privilege under this Order).

IT IS SO ORDERED this _23_ day of ____June____, 202_.

_____
Judge Tilman E. Self, III
United States District Court

**CONSENTED TO BY:**

By:  /s/ Bradley J. Survant              DATED:   1/23/23
     ATTORNEY FOR PLAINTIFFS

By:  /s/ Melody H. Demasi               DATED:   1/23/23
     ATTORNEY FOR DEFENDANTS